**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MAURO CORONA-VARGAS** | **CIVIL ACTION NO. 1:26-2276** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN RIVER CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Mauro Corona-Vargas,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 5]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Mexico. He entered the United States of America on October 1, 2010. [doc. # 1, p. 3]. He has no criminal history, and he "has four U.S. citizen children - 15, 12, and 3 years of age and a 3 month old child." *Id.*

ICE detained Petitioner on May 6, 2026. [doc. # 1, p. 2].

---

[1] Petitioner's "A Number" is 200-758-701.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on June 30, 2026. He claims that "ICE agents initiated contact based solely on Petitioner's perceived ethnicity, skin color, and language, without any articulable suspicion of unlawful presence or criminal activity." [doc. # 1, p. 4]. He also claims that he "was not shown a judicial warrant or any documentation establishing probable cause." *Id.* He maintains that ICE violated 8. U.S.C. § 1357(a)(2), as well as his rights under the Fourth and Fifth Amendments to the United States Constitution. *Id.* at 7-8. He "is challenging the lawfulness of his arrest by immigration authorities." *Id.* at 7.

Respondents opposed the petition on August 5, 2026. [doc. # 5]. Petitioner replied on August 19, 2026. [doc. # 6].

Petitioner has an immigration hearing scheduled for October 14, 2026.[3]

**Law and Analysis**

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Here, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over Petitioner's claims. Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited September 4, 2026).

Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." Petitioner's claims arise from a decision to commence removal proceedings against him.[4] Accordingly, the Court should dismiss them.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Mauro Corona-Vargas's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

[4] *See Guerra Quezada v. United States*, No. 25-10372, 2026 WL 2364302, at *3 (5th Cir. Aug. 14, 2026) (finding that the petitioner's false arrest claim was a challenge to the "'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders'" under 8 U.S.C. § 1252(g)); *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of September, 2026.

Kayla Dye McClusky
United States Magistrate Judge